IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 18-50798

D.C. Docket No. 1:17-CV-1221

United States Court of Appeals
Fifth Circuit
**FILED**
July 29, 2019
Lyle W. Cayce
Clerk

COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,

    Plaintiff - Appellant

v.

SOUTHWESTERN BELL TELEPHONE COMPANY; AT&T SERVICES, INCORPORATED; DIRECTTV, L.L.C.,

    Defendants - Appellees

Appeal from the United States District Court for the
Western District of Texas

Before JOLLY, HO, and ENGELHARDT, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.



**Certified as a true copy and issued
as the mandate on Aug 20, 2019**

**Attest:**

**Clerk, U.S. Court of Appeals, Fifth Circuit**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 18-50798

United States Court of Appeals
Fifth Circuit
**FILED**
July 29, 2019
Lyle W. Cayce
Clerk

COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,

    Plaintiff - Appellant

v.

SOUTHWESTERN BELL TELEPHONE COMPANY; AT&T SERVICES, INCORPORATED; DIRECTTV, L.L.C.,

    Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-1221

Before JOLLY, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    The Communications Workers of America (the Union) brought suit under section 301 of the Labor-Management Relations Act of 1947 (LMRA) against Southwestern Bell Telephone Company, AT&T Services, Inc., and DirectTV, LLC (collectively "Southwestern Bell") alleging violations of a longstanding Collective Bargaining Agreement (CBA) arising out of

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50798

Southwestern Bell's decision to lay off over seven hundred Union employees and contract out many of these jobs. The district court dismissed the Union's complaint for lack of subject matter jurisdiction because it found that the dispute was covered by the CBA's arbitration provision and the Union failed to exhaust the remedies provided by the CBA. From this final judgment, the Union appeals. For the reasons that follow, we affirm the district court's judgment dismissing the case for lack of subject matter jurisdiction.

I.

In December 2017, Southwestern Bell notified a union representative that it intended to lay off 713 union employees starting in January 2018 due to reduced workload. Southwestern Bell and the Union have a longstanding bargaining relationship governed by the CBA. The CBA consists of two relevant components. First is the Departmental Agreement, which covers, as applicable to this appeal, layoffs, force reductions, and contracting out jobs. The Department Agreement provides that:

> If, during the term of this Agreement, with respect to the 2017 Department Agreement . . . a difference shall occur, between the Union and the Company . . . , regarding:
>
>> a. the true intent and meaning of any specific provision or provisions thereof . . ., or
>>
>> b. the application of any provision or provisions thereof to any employee or group of employees . . . ,
>
> then in any such event, either the union or management may submit the issue of any such matter to arbitration for final decision . . . .

The second component of the CBA is the Agreement of General Application, which contains the following provision, titled Article VIII Responsible Union-Company Relationship:

> The Company and the Union recognize that it is in the best interests of both parties, the employees, and the public that all dealings between them continue to be characterized by mutual

2

responsibility and respect. To ensure that this relationship continues and improves, the Company and the Union and their respective representatives at all levels will apply the terms of this Agreement fairly and in accord with its intent and meaning and consistent with the Union's status as exclusive bargaining representative of all employees in the Bargaining Unit.

This provision is not subject to the CBA's mandatory arbitration provision.

In response to the layoffs, the Union did not pursue the grievance and arbitration procedures set out in the CBA. Instead, it filed suit in federal court under section 301 of the LMRA[1] alleging that Southwestern Bell's layoffs violated the promise of "respectful and fair dealings" contained in Article VIII of the Agreement of General Application ("fair dealing provision"), which is not subject to the CBA's arbitration provision. In its complaint, the Union argued that Southwestern Bell violated the fair dealing provision by denying the Union's request to delay the layoff, providing false reasons for the layoffs, and hiring contractors to fill the positions of the laid off workers—all with the motivation of reducing the Union's bargaining strength. To remedy these harms, the Union sought an injunction "requiring the Company to reinstate to their former positions all employees laid off or otherwise removed from their positions, and requiring the Company to make whole all such employees for lost earnings, lost service credit, lost seniority, and lost benefits of every kind and character" as well as a declaratory judgment declaring Southwestern Bell breached the CBA. Southwestern Bell responded by moving to dismiss under

---

[1] Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

3

Case: 18-50798 Document: 00515083011 Page: 4 Date Filed: 08/20/2019
Case 1:17-cv-01221-LY Document 22 Filed 08/20/19 Page 5 of 10

No. 18-50798

Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, in the alternative, for judgment on the pleadings or to compel arbitration. Southwestern Bell argued that the Union's complaint was covered by the arbitration provision of the CBA and the court lacked jurisdiction because the Union did not exhaust the grievance and arbitration process contained in the CBA.

The district court referred the complaint and motion to dismiss to a magistrate judge. The magistrate analyzed the Union's complaint and found that the conduct complained of—layoffs, contracting out labor—and relief requested by the Union—reinstatement of jobs, declaration that Southwestern Bell violated the CBA—were unambiguously governed by the CBA's Departmental Agreement and therefore subject to the mandatory arbitration procedures. The magistrate further found that the Union's attempt to portray the lawsuit as alleging a violation of the fair dealing provision and not the Department Agreement, and thus not subject to arbitration, was artful pleading. The magistrate concluded that the Union's complaint is "clearly and unambiguously challenging the Defendants' decision to lay off employees and replace those workers with subcontractors, all of which are matters expressly addressed in the Departmental Agreement" and thus recommended that the lawsuit should be dismissed for lack of subject matter jurisdiction because the Union failed to exhaust grievance and arbitration procedures before filing the federal complaint. The district court accepted the magistrate's recommendation, over the Union's objection, and dismissed the complaint for lack of subject matter jurisdiction. The Union appeals this judgment.

II.

On appeal, the Union argues that the district court erred because its claim is brought under the CBA's fair dealing provision, which is not subject to the arbitration clause. Further, the Union argues, its allegation that

Case: 18-50798   Document: 00515083011   Page: 5   Date Filed: 08/20/2019
Case 1:17-cv-01221-LY   Document 22   Filed 08/20/19   Page 6 of 10

No. 18-50798

Southwestern Bell violated the fair dealing provision was not artful pleading to avoid arbitration, but an attempt to vindicate a substantive right to require respect from the company, a right granted in the CBA.

Southwestern Bell responds that the plain text of the CBA subjects layoff and contracting disputes to arbitration and this dispute undeniably concerns layoffs and contracting. Southwestern Bell further argues that even if the court finds the CBA ambiguous on the point, the presumption of arbitrability in the labor context can only be overcome by the "most forceful evidence" and doubts should be resolved in favor of arbitration. Southwestern Bell further asserts that the true nature of the Union's claim becomes apparent by looking to the conduct complained of (layoffs and contracting) and the relief requested (reversal of the layoffs). To grant this relief, the court would have to resolve the merits of the layoff and contracting questions, which are indisputably submitted to arbitration under the CBA. Southwestern Bell thus contends that the district court properly rejected the Union's attempt at artful pleading to avoid arbitration. It follows, Southwestern Bell argues, that the district court was correct to dismiss the case for lack of subject matter jurisdiction. We will thus proceed to address these respective issues.

### III.

"This court reviews motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) *de novo*." *Archbold-Garrett v. New Orleans City*, 893 F.3d 318, 321 (5th Cir. 2018) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 171 (1994)). To resolve this appeal we must first determine whether the dispute here is covered by the CBA's arbitration provisions, as the district court held. If the dispute is covered by the CBA's arbitration provision, we next consider whether the district court correctly dismissed the suit for lack of subject matter jurisdiction.

5

### A.

We turn first to the district court's finding that the dispute here is subject to the CBA's arbitration provisions. We start with recognizing the "greater institutional competence of arbitrators in interpreting collective-bargaining agreements." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). "[W]here the contract contains an arbitration clause, there is a presumption of arbitrability." *Id.* Furthermore, "[d]oubts should be resolved in favor of coverage" and "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *See id.* (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 584–85 (1960)); *see also Commc'ns Workers of Am. v. Sw. Bell Tel. Co.*, 415 F.2d 35, 39 (5th Cir. 1969). Furthermore, in the context of this same collective bargaining relationship, we have held that arbitration, not Article III adjudication, is the mandatory course if the dispute is "arguably arbitrable" because "[w]here a pubic utility is concerned, the public policy of favoring arbitration to resolve industrial strife is even stronger." *Sw. Bell Tel. Co. v. Commc'ns Workers of Am., AFL-CIO*, 454 F.2d 1333, 1336–37 (5th Cir. 1971).

Presumption or not, this dispute is clearly covered by the arbitration provision. To recap, the Union's federal complaint identifies two areas of conduct that are covered by the arbitration provision: Southwestern Bell's plan to lay off Union employees and Southwestern Bell's plan to contract out their jobs. Furthermore, the relief the Union requests is reinstatement of the laid off Union employees and a declaration that Southwestern Bell's layoffs and contracting out violated the CBA. In short, notwithstanding the Union's framing of its case, the resolution of the Union's lawsuit is impossible without resolving the merits of issues that are plainly within the CBA's agreement to arbitrate. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 227 (5th Cir. 2017) ("[W]here the contract provides grievance and

Case: 18-50798     Document: 00515083011     Page: 7     Date Filed: 08/20/2019
Case 1:17-cv-01221-LY   Document 22   Filed 08/20/19   Page 8 of 10

No. 18-50798

arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute." (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987))). Accordingly, the magistrate was correct in finding that the Union's lawsuit is "clearly and unambiguously challenging" conduct covered by the CBA's grievance and arbitration provisions. *See United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960) ("[T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.").

B.

Now that we have found that the basis of the Union's lawsuit is covered by the CBA's arbitration agreement, we look to see whether the district court was correct to dismiss the suit for lack of subject matter jurisdiction. Under section 301 of the LMRA, "the exhaustion of remedies is a jurisdictional prerequisite to bring an action alleging a breach of a collective bargaining agreement." *Nat'l Football League Players Ass'n*, 874 F.3d at 227.[2] The Union

---

[2]
> There are three exceptions to the exhaustion requirement: (1) the union wrongfully refuses to process the employee's grievance, thus violating its duty of fair representation; (2) the employer's conduct amounts to a repudiation of the remedial procedures specified in the contract; or (3) exhaustion of contractual remedies would be futile because the aggrieved employee would have to submit his claim to a group which is in large part chosen by the employer and union against whom his real complaint is made.

*Nat'l Football League Players Ass'n*, 874 F.3d at 228 (internal quotation marks omitted) (quoting *Rabalais v. Dresser Indus., Inc.*, 566 F.2d 518, 519 (5th Cir. 1978)). The Union's sole argument here is that the dispute is not subject to mandatory

Case: 18-50798 Document: 00515083011 Page: 8 Date Filed: 08/20/2019
Case 1:17-cv-01221-LY Document 22 Filed 08/20/19 Page 9 of 10

No. 18-50798

concedes that, before bringing this action, it did not attempt to utilize the grievance and arbitration procedures set out in the CBA. Thus, the district court did not err in holding that it was without subject matter jurisdiction under section 301 because the Union failed to exhaust the CBA's mandatory grievance and arbitration procedures in this covered dispute. *See id.* at 226 ("[F]ederal courts lack subject matter jurisdiction 'to decide cases alleging violations of a collective bargaining agreement . . . by an employee against his employer unless the employee has exhausted contractual procedures for redress.'" (quoting *Meredith v. La. Fed'n of Teachers*, 209 F.3d 398, 402 (5th Cir. 2000))).

## IV.

For the foregoing reasons, the district court's final judgment dismissing the suit for lack of subject matter jurisdiction is

AFFIRMED.

---

arbitration—it does not assert that even if the dispute is subject to arbitration, one of the three exceptions applies.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 20, 2019

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 18-50798    Comm Workers of America, AFL v. Southwestern Bell Telephone Co, et al
                      USDC No. 1:17-CV-1221

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Debbie T. Graham, Deputy Clerk

cc:
    Mr. Christian Bourgeacq
    Mr. Matthew G. Holder
    Mr. David A. Van Os